# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Freedom Systems, LLC | )   ASBCA No. 59259 |
| | ) |
| Under Contract No. W912C6-12-C-0005 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Reginald B. McFadden
                                                                   President & CEO

APPEARANCE FOR THE GOVERNMENT:   Raymond M. Saunders, Esq.
                                                                    Army Chief Trial Attorney
                                                                    CPT Ahsan M. Nasar, JA
                                                                    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE THRASHER ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

Appellant, Freedom Systems, LLC (Freedom), appealed a contracting officer's final decision (COFD) denying appellant's sponsored claim of its subcontractor Wyndham Hotel Management, Inc. (Wyndham), in the amount of $820,800.00 in cancellation fees. The government asserts Wyndham provided appellant and the government a written release fully releasing appellant from any claims Wyndham might pursue against appellant related to the contract. Therefore appellant's appeal is barred by the *Severin* doctrine, entitling the government to a judgment as a matter of law. Freedom opposes the motion. We grant the government's motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 10 November 2011, the Army Reserve Contracting Center – Fort Jackson, South Carolina (government), awarded Contract No. W912C6-12-C-0005 to Freedom to provide support services for eight Yellow Ribbon Reintegration Programs (Events) scheduled to occur between 18 November 2011 and 16 September 2012 (R4, tab 1 at 1, 13). The Yellow Ribbon Events are Congressionally mandated programs that assist National Guard and Reserve Soldiers and their families in transitioning back to civilian life from a military deployment (mot. ¶ 2).

2. On 5 December 2011, Freedom entered into a Hotel Group Event Agreement with Wyndham (R4, tab 7 at 12). The agreement included a cancellation clause permitting Freedom to cancel a scheduled event upon providing notice to Wyndham prior to the scheduled event and payment of $136,800.00 per each canceled event (*id.* at 8).

3. The government held the contracted events in Orlando, Florida, from November 2011 to September 2012 (R4, tab 1 at 13; app. resp. to answer ¶ 16). On 9 January 2012, the contracting officer (CO) informed Freedom of numerous complaints received regarding the poor quality of services offered at the Wyndham Orlando Resort during the December 2011 event and asked Freedom to propose a new hotel for the remaining events (R4, tab 9). Thereafter, on 23 January 2012, the contract administrator informed Freedom that the customer had decided to reschedule the February 2012 event to 27-29 April 2012 and had "decided on the Rosen for all trips" (R4, tab 14 at 1).

4. By email, on 25 January 2012, appellant confirmed that it was able to accommodate the change in venue and the new date (R4, tab 16 at 1).

5. Freedom completed performance of the remaining events by 30 September 2012 (app. resp. to answer ¶ 16).

6. On 31 July 2013, appellant submitted a claim in the amount of $820,800.00 stating:

> [T]his claim [is] for payment of subcontract cancellation damages to Wyndham pursuant to the "Cancellation Policy" provision of the committed subcontracts executed in the performance of the prime contract W912C6-12-C-0005.
>
> ....
>
> Freedom Systems, LLC is the interested party filing the claim. Freedom Systems, LLC is the prime company supporting execution of the subject contract.

(R4, tab 22 at 2)

7. On 11 September 2013, the CO informed Freedom that its claim was not properly certified as required for claims over $100,000.00 (R4, tab 24 at 1). Freedom resubmitted its claim with accompanying certification on 11 September 2013 (R4, tab 25 at 3).

8. The CO issued a COFD denying Freedom's claim on 21 January 2014 (R4, tab 26). Freedom timely appealed the COFD to the Board on 11 April 2014 (R4, tab 27 at 1).

2

9. Freedom filed its complaint on 8 May 2014 asserting the basis for its appeal, as follows:

> 10. Government breached the contract when Appellant was directed to change venue by the Government despite our contractual obligation with the Wyndham. The Government was fully aware of these obligations but directed a change of venue despite such knowledge or necessity for a contract change to implement. At no time did the Appellant agree to release the Government from any and all liability under the contract for further equitable adjustments attributable to this change. Given that no contract modification was executed, Appellant was still under obligation to utilize the Wyndham in execution of the contract and had no standing to mitigate any subcontract damages with Wyndham. Conversely, Appellant can find no contractual requirement or obligation to notify Wyndham for mitigation of damages to reduce the claim as implied by the Government.

> 11. Given that there was no termination, Appellant is not seeking liquidated damages resulting from termination of the contract as referred to by the government. Appellant is however seeking claims and equitable adjustments under FAR 52.212-4, Paragraph d. Disputes, for damages resulting from the breach of contract per item 9.

> 12. Given that there was no termination, the Appellant asserts that it complied with all contract terms and conditions, and provided the Government, upon request, with adequate assurances of future performance. Where deficiencies were cited by the Government, Appellant provided satisfactory corrective actions and remedies.

> 13. On September 11, 2013, Appellant submitted a certified claim and request for a contracting officer's final decision in the amount of $820,800.00. Appellant has and will submit documentation from Wyndham

3

compelling the Appellant to pay these amounts upon request by the Government or the Board pursuant to ASBCA Rule 14 or Rule 15 requests or actions.

(Compl. ¶¶ 10-13)

10. On 14 July 2014, Freedom provided the government a copy of a letter dated 1 March 2012 that Freedom represented it had received from Wyndham's outside counsel. The letter asserted a claim of $820,800.00 against Freedom and threatened suit should Freedom fail to pay. Freedom also informed the government that Wyndham delayed filing a suit against appellant pending the outcome of its claim against the government. (App. resp. to answer ¶ 22)

11. Ms. Jennifer E. Constantinou, Vice President – Legal of Wyndham, executed a general release to Freedom on 21 April 2015 releasing any and all claims against Freedom related to Freedom's claim against the government, as follows:

> *Wyndham Hotel Management, Inc.,* its agents, officers, parent corporations, employees, directors, servants, shareholders, representatives, predecessors, successors, heirs, executors, administrators and all other persons, firms, corporations, subsidiaries, affiliates, associations, partnerships, and the predecessors, successors and assigns of any of them (collectively, "Wyndham"), hereby fully and forever releases and discharges Freedom Systems, LLC ("Freedom") of and from any and all claims, actions, causes of action, demands, rights, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of Freedom's contract with the U.S. Army, Contract No. W912C6-12-C-0005 (or any contract related thereto) which form the basis for Freedom's appeal to the Armed Services Board of Contract Appeals ("ASBCA"), docketed as ASBCA No. 59259. Wyndham remises, releases, and discharges Freedom and Freedom's officers, agents, and employees, of and from all civil liabilities, obligations, claims, appeals, and demands which Wyndham has or may have, whether known or unknown, administrative or judicial, legal or equitable, including attorney's fees, arising under or in any way related to Contract No. W912C6-12-C-0005 or the disputes which form the basis of ASBCA No. 59259.

4

The undersigned further declare(s) and represent(s) that no promise, inducement or agreement not herein expressed has been made to the undersigned, and that the terms of this Release are contractual and not a mere recital.

This Release and any party that succeeds to the rights and responsibilities of a party, such as predecessors, successors and assigns shall be bound by the terms and conditions of this Release.

This Release constitutes the entire understanding and agreement of Wyndham respecting the resolution of this action. This Release may not be changed or modified.

The undersigned represents that she has the authority to bind Wyndham.

(Mot., ex. G-1)

## DECISION

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When considering a motion for summary judgment, the Board's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Id.* at 249. The moving party bears the burden of establishing the absence of any genuine issue of material fact and all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment. However, the party opposing summary judgment must show an evidentiary conflict on the record; mere denials or conclusory statements are not sufficient. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987).

The government contends Wyndham's 21 April 2015 general release provides the government with sufficient basis to invoke the *Severin* doctrine entitling the government to judgment as a matter of law (gov't mot. at 3). The *Severin* doctrine, which is taken from *Severin v. United States*, 99 Ct. Cl. 435 (1943), *cert. denied*, 322 U.S. 733 (1944), is based upon the principles of sovereign immunity and privity of contract. It generally precludes a prime contractor from sponsoring a subcontractor claim against the government if the prime contractor is not liable to the subcontractor for the costs or damages in question. *Severin*, 99 Ct. Cl. at 442-44. Later precedent has narrowed the *Severin* doctrine clarifying that the doctrine is narrowly construed and the government bears the burden of showing the *Severin* doctrine applies. *E.R.*

*Mitchell Construction Co. v. Danzig*, 175 F.3d 1369, 1371 (Fed. Cir. 1999). As applied to releases, the government must show an unconditional iron-clad release that clearly protects the contractor from any and all liability to the subcontractor for the conduct in question. *M.A. Mortenson Co.*, ASBCA No. 53761, 06-1 BCA ¶ 33,180 at 164,439 (government must establish an iron-clad release); *E.R. Mitchell*, 175 F.3d at 1371; *W.G. Yates & Sons Construction Co. v. Caldera*, 192 F.3d 987, 990-92 (Fed. Cir. 1999) (allowing prime contractor sponsorship in instances where the prime contractor is only conditionally liable to the subcontractor for whatever it can recover from the government).

Appellant asserts three reasons why the *Severin* doctrine does not apply to the facts of this appeal. First, appellant argues, "Neither the Government nor Wyndham have provided guarantees or proof of any iron clad release sufficiency.... Because there is no validation of the release, Appellant asserts it (the Prime) remains liable to the subcontractor on the claim based upon the subcontract provisions provided as material facts under the appeal." (App. opp'n at 3) We disagree. Wyndham has provided appellant with an iron-clad general release that clearly protects appellant from any and all liability to Wyndham for appellant's conduct regarding the contract. Specifically, Wyndham's release "fully and forever" releases appellant from any all claims, causes of action, or variations that Wyndham currently has or may later have against appellant pertaining to appellant's contract with the government or this contract appeal. Wyndham's release is on behalf of its agents and subsidiaries to include the Wyndham Orlando Resort. Additionally, Wyndham's release is not conditional nor does it have limited time applicability. Wyndham's release applies to appellant, its agents, and its officers acting in an official capacity for appellant. Wyndham's release also clarifies that it did not receive consideration from either the government or appellant for granting its release against appellant. Furthermore, Wyndham's release indicates that it received no inducement to provide this release to appellant. Wyndham's release also binds its successor and is applicable to appellant and its successors. (SOF ¶ 11) The release was also executed by an officer of Wyndham with authority to bind the company (*id.*). Consequently, appellant can rely upon this release as an unconditional iron-clad shield from further liability to Wyndham related to the contract or the underlying issues of this claim.

Second, appellant asserts the *Severin* doctrine does not bar its appeal because appellant's claim is not based upon its liability to its subcontractor but rather based upon a government breach of contract with the prime which caused the prime to incur damages from one of its subcontractors. The damages occurred when the government changed the event locations and dates but never memorialized the changes by modifying the contract. (App. opp'n at 4) The record before us on the motion establishes appellant's claim is, in fact, appellant's sponsorship of Wyndham's claim. Appellant's argument contradicts the only asserted rationale for its claim which was its liability to Wyndham under the subcontract agreement cancellation policy clause

(SOF ¶ 6). In addition, the only stated basis for its claim articulated in its complaint is its liability to Wyndham for cancellation of the events (SOF ¶ 9). Additionally, the only damages appellant's claim asserts against the government are for the exact amount that Wyndham would claim against appellant under the terms of their subcontract agreement (SOF ¶ 10). Appellant has not presented any evidence indicating an independent prime contractor claim and the record on the motion before us is devoid of any such evidence.

And finally, appellant argues the *Severin* doctrine does not apply because of the government's wrongful failure to issue contract modifications for the changes in venue and time of events constituted a constructive contract termination of the subcontract under the termination clause, stating:

> Although Appellant's claim does not expressly seek recovery on a "constructive convenience termination" basis, Appellant may advance a legal theory on appeal that was not expressly raised in the claim if it relates to the same set of operative facts as the claim, which is the case here, *J & J Maintenance, Inc.,* ASBCA No. 50984, 00-1 BCA ¶ 30,784. Appellant['s] claim and resulting appeal establishes that the Government constructively terminated the prime and supporting contracts by its breach. Appellant's liability to Wyndham could be established under the Termination for Convenience clause in the subcontract. Under such circumstances the Severin doctrine clearly does not apply.

(App. opp'n at 5) To the extent appellant is arguing the government's actions constructively terminated the prime contract, the facts in the record on this motion contradict appellant's argument. Appellant completed all contracted events and there is no evidence in the record on the motion before us supporting a constructive termination of the prime contract (SOF ¶ 5). Additionally, appellant's complaint contradicts this argument; appellant twice in its complaint stated there was no termination (SOF ¶ 9). To the extent appellant is arguing the government's actions constructively terminated Wyndham's subcontract, appellant has been released from any and all liability to Wyndham for the government's actions by the general release (SOF ¶ 11).

7

## CONCLUSION

We conclude appellant's sole claim is a subcontractor pass-through claim on behalf of its subcontractor Wyndham, based upon its liability to its subcontractor as a result of government actions. Because appellant's subcontractor, Wyndham, has fully and unconditionally released appellant from any and all claims related to this contract, we conclude appellant's claim is barred by the *Severin* doctrine. As a result, this release falls within the *Severin* doctrine barring this appeal as a matter of law. The government's motion for summary judgment is granted.

Dated: 3 September 2015

JOHN J. THRASHER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59259, Appeal of Freedom Systems, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

8